JAY SMITH (CA Bar No. 166105)
(Email: js@gslaw.org)
JOSHUA F. YOUNG (CA Bar No. 232995)
(Email: jyoung@gslaw.org)
**GILBERT & SACKMAN, A LAW CORPORATION**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone: (323) 938-3000
Fax: (323) 937-9139

RANDY RENICK (CA Bar No. 179652)
(Email: rrr@hadsellstormer.com)
CORNELIA DAI (CA Bar No. 207435)
(Email: cdai@hadsellstormer.com)
ELIZABETH SONG (CA Bar No. 326616)
(Email: esong@hadsellstormer.com)
**HADSELL STORMER RENICK & DAI LLP**
128 North Fair Oaks Avenue, Suite 204
Pasadena, California 91103-3645
Telephone: (626) 585-9600
Fax: (626) 577-7079

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON CRAIG and MICHAEL ROSS, individually and on behalf of all similarly situated current and former employees,<br><br>                    Plaintiffs,<br><br>     v.<br><br>CORTEVA, INC., E.I. DU PONT DE NEMOURS & COMPANY, DOW AGROSCIENCES LLC, THE DOW CHEMICAL CO., DOWDUPONT, INC. n/k/a DUPONT DE NEMOURS, INC., DOW INC., and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**<br><br>1.     Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; Wage Order 1-2001)<br>2.     Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512; Wage Order 1-2001)<br>3.     Private Attorneys General Act (Lab. Code § 2698 *et seq.*)<br>4.     Violation of the Unfair Competition Law (Bus. & Profs. Code §17200 *et seq.*)<br><br>DEMAND FOR JURY TRIAL |

**INTRODUCTION**

1. JASON CRAIG and MICHAEL ROSS ("Named Plaintiffs") bring this action against Defendants CORTEVA, INC., E.I. DU PONT DE NEMOURS & COMPANY, DOW AGROSCIENCES LLC, THE DOW CHEMICAL CO., DOWDUPONT, INC. n/k/a DUPONT DE NEMOURS, INC, and DOW INC. (collectively, "Defendants") and other as of yet unnamed Defendants, alleging unfair business practices and violations of the California Labor Code. Named Plaintiffs bring this action individually and as a proposed class action on behalf of similarly situated current and former employees who have been employed by Defendants at the chemical manufacturing plant located in or around Pittsburg, California, in Contra Costa County ("Pittsburg plant").

2. Named Plaintiffs seek class-wide relief under California law for Defendants' breach of their legal obligations to authorize and permit rest periods and to provide meal periods pursuant to California Labor Code §§ 226.7, 512, and California Industrial Welfare Commission Wage Order No. 1-2001 ("Wage Order 1"), at the Pittsburg plant.

3. Named Plaintiffs, suing on behalf of themselves, the putative class members, and the general public, also seek restitution and injunctive relief under California law for Defendants' unlawful, unfair, and fraudulent business practices which have deprived their employees of their rights under California labor laws and regulations, in order to reduce their payroll costs and increase profits, in violation of applicable laws.

4. Named Plaintiffs, aggrieved employees suing on behalf of themselves and other aggrieved employees, also seek relief under California's Private Attorneys General Act of 2004, California Labor Code § 2698 *et seq.* ("PAGA").

**THE PARTIES**

1. Named Plaintiff Jason Craig is, and at all relevant times was, a competent adult residing in Clayton, California, in Contra Costa County, and a citizen of California.

2. Named Plaintiff Michael Ross is, and at all relevant times was, a competent adult residing in Rio Vista, California, in Solano County, and a citizen of California.

3. Named Plaintiffs are and have been employed by Defendants within the State of California and are "employees" as defined in Wage Order 1-2001. Named Plaintiffs currently are

employed at Defendants' chemical manufacturing plant in Pittsburg, California.

4. Named Plaintiffs bring this action individually and on behalf of the following class of individuals (the "putative class members") (collectively, "Plaintiffs"):

> All current and former hourly employees of Defendants who worked a 12-hour rotating shift at the chemical manufacturing plant in Pittsburg, California, since December 3, 2015.

5. Defendant Corteva, Inc. is incorporated in Delaware and does business in California. It is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201. Defendant Corteva, Inc. is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001. Corteva, Inc.'s headquarters and principal place of business are in Wilmington, Delaware.

6. Defendant E.I. du Pont de Nemours & Company is incorporated in Delaware and does business in California. It is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201. Defendant E.I. du Pont de Nemours & Company is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001. Defendant E.I. du Pont de Nemours & Company's headquarters and principal place of business are in Wilmington, Delaware.

7. Defendant Dow Agrosciences, LLC is incorporated in Delaware and does business in California. It is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201. Defendant Dow Agrosciences, LLC is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001. Dow Agrosciences, LLC's headquarters and principal place of business are in Indianapolis, Indiana.

8. Defendant The Dow Chemical Company is incorporated in Delaware and does business in California. It is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201. Defendant The Dow Chemical Company is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001. The Dow Chemical Company's headquarters and principal place of business are in Midland, Michigan.

9. Defendant DowDuPont, Inc. n/k/a DuPont de Nemours, Inc., is incorporated in Delaware and does business in California. It is a "person" as defined by California Labor Code § 18 and by

California Business and Professions Code § 17201. Defendant DowDuPont, Inc. is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001. Defendant DowDuPont, Inc.'s headquarters is in Wilmington, Delaware, and its principal place of business is in Midland, Michigan.

10. Defendant Dow Inc. is incorporated in Delaware and does business in California. It is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201. Defendant Dow, Inc. is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001. Dow Inc.'s headquarters and principal place of business are in Midland, Michigan.

11. Defendants Corteva Inc., E.I. du Pont de Nemours & Company, DowDuPont Inc., Dow AgroSciences, LLC, Dow, Inc., and The Dow Chemical Company own and operate the Pittsburg plant, located in Contra Costa County, California. Defendant The Dow Chemical Company owned and/or operated the Pittsburg plant since prior to the beginning of the class period on December 3, 2015. On or about August 31, 2017, as a result of a merger, The Dow Chemical Company and Defendant E.I. du Pont de Nemours & Company, along with Dow AgroSciences, LLC, became subsidiaries of Defendant DowDuPont Inc. Then, on or about April 1, 2019, as a result of restructuring, Defendant Dow Inc. became a subsidiary of DowDuPont Inc. and the parent of The Dow Chemical Company, and Defendant Corteva Inc. became the parent of E.I. du Pont de Nemours & Company. Therefore, on information and belief, each Defendant is or was an owner and/or operator of the Pittsburg plant during the class time period.

12. Plaintiffs are informed and believe and thereupon allege that, at all relevant times, Defendants and each of them, directly or indirectly, or through an agent or any other person, employed and/or exercised control over the wages, hours, and/or working conditions of Plaintiffs, and that Defendants and each of them were the joint employers of Plaintiffs and/or alter egos of each other.

13. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege Doe Defendants' true names and capacities when ascertained.

## JURISDICTION & VENUE

14. This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and is between citizens of different states.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of California.

16. In particular, this case is properly filed with the San Francisco or Oakland divisions as the acts giving rise to Plaintiffs' claims occurred in Contra Costa County. Plaintiffs performed their work for Defendants in Contra Costa County, and the location of the chemical manufacturing plant is in Contra Costa County.

**FACTUAL ALLEGATIONS**

17. Defendants have employed Plaintiffs and the putative class members as operators at its Pittsburg chemical manufacturing plant. Because the chemical production process requires constant monitoring, operators work a continuous rotating shift during which time they are never fully relieved from duty.

18. Plaintiffs and the putative class members are scheduled for and work 12-hour shifts, during the entirety of which Defendants have required them to remain on duty.

19. Throughout their shifts, Defendants have required Plaintiffs and the putative class members to monitor the chemical production process, respond to upsets and critical events, and maintain the safe and stable operation of their units. Plaintiffs and the other putative class members are required to remain attentive and be reachable at all times during their shifts, which includes responding to audible alarms, pages on the intercom system, and communications on their handheld radios. Plaintiffs are also required to remain in contact with supervisors and other employees working in their unit throughout their shifts. As a result, Plaintiffs never receive off-duty breaks because they are constantly and continuously responsible for their units.

20. Plaintiffs and the putative class members are responsible for their units throughout their shifts. They are neither scheduled for 10-minute rest breaks nor provided designated relief in order to take such breaks. Defendants, therefore, have not authorized or permitted Plaintiffs to take off-duty rest breaks for every four-hour work period or major fraction thereof, as required by law.

21. Similarly, Plaintiffs and the putative class members are neither scheduled for 30-minute meal breaks nor provided designated relief in order to take such breaks. Defendants, therefore, have not provided them with an off-duty meal break for every work period that exceeds five hours, and a second

off-duty meal break for every work period that exceeds ten hours, as required by law.

22. Defendants do not have a policy, practice, or system for providing relief to Plaintiffs and the putative class members to allow them to take off-duty rest or meal breaks.

23. Defendants have not paid Plaintiffs an extra hour of wages for each workday during which they are not provided the off-duty rest breaks to which they are entitled under California law.

24. Similarly, Defendants have not paid Plaintiffs an extra hour of wages for each workday during which they are not provided the off-duty meal breaks to which they are entitled under California law.

## **CLASS ALLEGATIONS**

25. Named Plaintiffs seek, on their own behalf and on behalf of the putative class members, unpaid wages owed as a result of Defendants' failure to authorize and permit rest periods and to provide meal periods as required by law, plus all other benefits and relief provided by California's labor laws and regulations based on sums withheld from them by Defendants, plus additional penalties as provided by statute. Named Plaintiffs also seek injunctive relief in the form of an order prohibiting Defendants from requiring their employees to work for work periods of more than four hours or major fraction thereof without authorizing or permitting an off-duty rest period and requiring their employees to work periods of ten hours without providing two off-duty meal periods. Named Plaintiffs also seek restitution and disgorgement of all sums wrongfully obtained by Defendants through their unfair business practices in violation of California Business and Professions Code sections 17200 *et seq.*, to prevent Defendants from benefitting from their violations of law and/or acts of unfair competition.

26. This action is appropriate for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure.

27. The proposed class which Named Plaintiffs seek to represent is composed of all current and former hourly employees of Defendants who worked a 12-hour rotating shift at the Pittsburg plant since December 3, 2015.

28. The proposed class is estimated to include at least 50 members. This proposed class is so numerous that joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court.

29. There is a well-defined commonality of interest in the questions of fact and law involving and affecting the putative class members to be represented by Named Plaintiffs, in that all of these employees have been harmed by Defendants' failure to authorize and permit rest periods and to provide meal periods as required by law.

30. Common questions of fact and law involved in this action include the following:

   a. Whether Defendants failed to authorize and permit Plaintiffs to take rest periods in accordance with applicable California law because they failed to relieve them of all work duties during their shifts;

   b. Whether Defendants failed to provide Plaintiffs with meal periods in accordance with applicable California law because they failed to relieve them of all work duties during their shifts;

   c. Whether Defendants maintain or have maintained common policies that failed to properly compensate Plaintiffs in accordance with applicable California law for missed rest and meal periods;

   d. Whether Defendants maintain or have maintained policies that adequately provided for off-duty rest and meal periods in accordance with the requirements of applicable California law;

   e. What compensatory damages, injunctive relief, and other equitable relief Plaintiffs are entitled to receive from Defendants; and

   f. Whether Defendants' policies and practices constitute unlawful or unfair business practices under California's Unfair Competition Law.

31. The claims alleged by Named Plaintiffs herein encompass the challenged practices and common courses of conduct of Defendants and are typical of those claims which could be alleged by any member of the proposed class. Named Plaintiffs' claims arise out of the alleged courses of conduct by Defendants and are based on the same legal theories as the claims of the putative class members. The legal issues as to which California laws are violated by such conduct apply equally to Named Plaintiffs and the putative class members. Further, the relief sought by Named Plaintiffs is typical of the relief which would be sought by each member of the proposed class if they were to file separate actions.


32. Named Plaintiffs are proper representatives of the proposed class because they will fairly and adequately represent and protect the interests of all putative class members and because there are no known conflicts of interest between Named Plaintiffs and any putative class members. Other current and former employees of Defendants are available to serve as class representatives if the Named Plaintiffs are found to be inadequate.

33. The prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of putative class members' rights and the disposition of their interests through actions to which they are not parties. This action is manageable as a class action because, compared with other methods such as intervention or the consolidation of individual actions, a class action is fairer and more efficient.

34. Common issues predominate in that all of Plaintiffs' claims arise out of Defendants' failure to authorize or permit rest periods or to provide meal periods as required by California law. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the putative class members have little or no interest in individually controlling the prosecution of separate actions and individualized litigation would increase the delay and expense to all parties and the court system. Furthermore, it is desirable to concentrate the litigation of the claims in this Court because the practices and procedures complained of occurred within this Court's jurisdiction.

35. Finally, Named Plaintiffs have retained attorneys who are competent and experienced in class action litigation and they intend to prosecute this action vigorously. Therefore, the interests of putative class members will be fairly and adequately protected by Named Plaintiffs and their counsel.

## **ALLEGATIONS OF NAMED PLAINTIFFS**

36. Plaintiff Jason Craig works as a Symtec Operator at the Pittsburg plant. He has worked at the Pittsburg plant for approximately 15 years. He typically works 12-hour shifts on a rotating shift schedule. Defendants have not authorized and permitted Plaintiff Jason Craig to take 10-minute rest breaks or provided him with 30-minute meal breaks relieved of all duty during his shifts. Instead, throughout his shift, Defendants have required him to monitor his unit, respond to upsets and critical events, and maintain the safe and stable operation of his unit. Defendants have required him to remain

attentive and be reachable at all times during his shift. During his shift, Plaintiff Jason Craig must respond to all work-related calls, pages, radio communications and alarms and has continuous work demands based on the requirements of his job. Defendants also have required Plaintiff Jason Craig to remain in contact with supervisors and other employees working in the unit throughout his shift. As a result, Plaintiff Jason Craig never receives off-duty breaks because he is constantly and continuously responsible for his unit.

37. Plaintiff Michael Ross works as a Symtec Operator at the Pittsburg plant. He has worked at the Pittsburg plant for approximately 13 years. He typically works 12-hour shifts on a rotating shift schedule. Defendants have not authorized and permitted Plaintiff Michael Ross to take 10-minute rest breaks or provided him with 30-minute meal breaks relieved of all duty during his shifts. Instead, throughout his shift, Defendants have required him to monitor his unit, respond to upsets and critical events, and maintain the safe and stable operation of his unit. Defendants have required him to remain attentive and be reachable at all times during his shift. During his shift, Plaintiff Michael Ross must respond to all work-related calls, pages, radio communications and alarms and has continuous work demands based on the requirements of his job. Defendants also have required Plaintiff Michael Ross to remain in contact with supervisors and other employees working in the unit throughout his shift. As a result, Plaintiff Michael Ross never receives off-duty breaks because he is constantly and continuously responsible for his unit.

**FIRST CLAIM FOR RELIEF**

FAILURE TO AUTHORIZE AND PERMIT REST PERIODS

(Lab. Code § 226.7; Wage Order 1-2001)

(By All Named Plaintiffs and the Putative Class Members Against All Defendants)

38. Named Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above as if repeated here in full.

39. California Labor Code sections 226.7 and Wage Order 1-2001, section 12(A), require employers to authorize and permit employees to take an off-duty, uninterrupted 10-minute rest period for every four hours of work or major fraction thereof. Under both California Labor Code section 226.7 and Wage Order 1-2001 section 12(B), if an employer fails to provide an employee a rest period in

accordance with applicable California law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each day in which the required rest periods were not provided.

40. Employers must authorize and permit employees to take 10 minutes in rest breaks for shifts lasting more than three and half hours and up to six hours, 20 minutes for shifts lasting more than six hours and up to 10 hours, and 30 minutes for shifts lasting more than 10 hours. *See Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1009 (2012). During the required rest periods, employers must relieve their employees of all duties and relinquish any control over how employees spend their break time, including the obligation that an employee remain on call. *Augustus v. ABM Security Services, Inc.*, 2 Cal. 5th 257, 265 (2016).

41. Plaintiffs and the putative class members regularly worked for Defendants for periods of more than three and one-half hours and up to six hours when they were not authorized or permitted to take a 10-minute rest break, more than six hours and up to 10 hours when they were not authorized or permitted to take two 10-minute rest breaks, and more than 10 hours when they were not authorized or permitted to take three 10-minute rest breaks.

42. Defendants have a policy or practice of failing to authorize and permit Plaintiffs and putative class members to take the rest periods to which they are entitled under California law.

43. Defendants have a policy and practice of failing to pay Plaintiffs and the putative class members who were not provided with a rest period as required an additional one hour of pay at each employee's regular rate of compensation.

44. As a result of Defendants' unlawful practices, Named Plaintiffs and putative class members have sustained economic damages, including, but not limited to, unpaid wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from Defendants' violations of the California Labor Code and Wage Order 1-2001.

WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

/ / /

/ / /

**SECOND CLAIM FOR RELIEF**

FAILURE TO PROVIDE MEAL PERIODS

(Lab. Code §§ 226.7, 512; Wage Order 1-2001)

(By All Named Plaintiffs and the Putative Class Members Against All Defendants)

45. Named Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above as if repeated here in full.

46. California Labor Code sections 226.7 and 512 and Wage Order 1-2001, section 11, require employers to provide employees with an off-duty, uninterrupted 30-minute meal period for a work period of more than five (5) hours a day, and a second off-duty, uninterrupted 30-minute meal period for a work period of more than ten (10) hours a day. Under both California Labor Code section 226.7 and Wage Order 1-2001, section 11, if an employer fails to provide an employee a meal period in accordance with applicable California law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each day in which the required meal periods were not provided.

47. Employers must provide employees with 30 minutes in meals breaks for shifts lasting more than five hours and up to 10 hours, and 60 minutes for shifts lasting more than 10 hours. *See Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1037 (2012). During the required meal periods, employers must relieve their employees of all duties and relinquish any control over how employees spend their break time, including the obligation that an employee remain on call. *Augustus v. ABM Security Services, Inc.*, 2 Cal. 5th 257, 265 (2016).

48. Plaintiffs and the putative class members regularly worked for Defendants for periods of more than 10 hours when they were not provided two 30-minute meal breaks.

49. Defendants have a policy or practice of failing to provide Plaintiffs and putative class members with the meal periods to which they are entitled under California law.

50. Defendants have a policy and practice of failing to pay Plaintiffs and the putative class members who were not provided with a meal period as required an additional one hour of pay at each employee's regular rate of compensation.

51. As a result of Defendants' unlawful practices, Named Plaintiffs and putative class

members have sustained economic damages, including, but not limited to, unpaid wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from Defendants' violations of the California Labor Code and Wage Order 1-2001.

WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

## THIRD CLAIM FOR RELIEF

PRIVATE ATTORNEYS GENERAL ACT

(Lab. Code § 2698 *et seq.*)

(By All Named Plaintiffs and the Other Aggrieved Employees Against All Defendants)

52. Named Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above as if repeated here in full.

53. Each of the Named Plaintiffs is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of himself/herself and other current and former employees of Defendants pursuant to the procedures specified in California Labor Code § 2699.3, because Plaintiffs were employed by Defendants and the alleged violations of the California Labor Code were committed against Plaintiffs.

54. The California Private Attorneys General Act of 2004, Labor Code § 2698 *et seq.* ("PAGA"), provides that "[n]otwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency … for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees …." Lab. Code § 2699(a).

55. Named Plaintiffs allege, on behalf of themselves and other current and former employees of Defendants, that Defendants have violated, among other statutes and regulations, California Labor Code sections 226.7, 512, and Wage Order 1-2001.

56. Pursuant to Labor Code § 2699(a), Plaintiffs seek to recover civil penalties, as otherwise provided by statute, for which Defendants are liable as a result of the foregoing violations of the Labor Code sections in an amount to be proven at trial, including, but not limited to, penalties under Labor

Code sections 558, 2699(f), and 2699(g) and Wage Order 1-2001. Plaintiffs are also entitled to an award of reasonable attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

57. Named Plaintiffs are in the process of exhausting their administrative remedies as required by Labor Code section 2699.3(a). Named Plaintiffs have provided written notice to the Labor and Workforce Development Agency ("LWDA") and Defendants as to the claims alleged herein, namely, the specific provisions of the California Labor Code, among other state statutes and regulations, that Defendants are alleged to have violated, as well as the facts and theories supporting those violations. When Plaintiffs' administrative remedies are exhausted, Plaintiffs will amend the Complaint.

58. WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

## FOURTH CLAIM FOR RELIEF

UNFAIR BUSINESS PRACTICE AND UNFAIR COMPETITION

(Bus. & Prof. Code § 17200 *et seq.*)

(By All Named Plaintiffs and the Putative Class Members Against All Defendants)

59. Named Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above as if repeated here in full.

60. This claim is brought by the Named Plaintiffs on behalf of themselves, the putative Class, and the general public, pursuant to Business and Professions Code § 17200 *et seq.*

61. The California Unfair Competition Law ("UCL"), Business and Professions Code section 17200 *et seq.*, defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL "borrows violations" from other statutes and authorizes any person who has suffered injury in fact and who has lost money or property as a result of such unfair business practices to bring an action for relief under the statute.

62. Plaintiffs are "persons" within the meaning of Business and Professions Code § 17204, with standing to bring this suit for injunctive relief, restitution, disgorgement, and other appropriate equitable relief on behalf of all similarly-situated employees and on behalf of the general public.

63. Labor Code § 90.5(a) sets forth the public policy of this State to enforce minimum labor standards vigorously, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to

gain a competitive advantage by failing to comply with minimum labor standards.

64. Through the conduct alleged herein, Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business and Professions Code § 17200 *et seq.*, depriving Named Plaintiffs, the putative class members, and other interested persons of rights, benefits, and privileges guaranteed to all employees in California.

65. Beginning on an exact date unknown to Named Plaintiffs, but since at least the four years preceding the filing of this Complaint and up to the present, Defendants have committed acts of unfair competition proscribed by the UCL, including the acts and practices alleged herein. Defendants have engaged in unlawful and unfair business practices including, but not limited to, violations of:

    a.    California Labor Code sections 226.7 (rest periods);

    b.    California Labor Code sections 226.7, 512 (meal periods); and

    c.    Wage Order No. 1-2001 (rest and meal periods).

66. Named Plaintiffs are informed and believe, and thereupon allege, that by engaging in the unfair and unlawful business practices alleged herein, Defendants were able to lower their labor costs and thereby obtain a competitive advantage over law-abiding employers with whom they compete, in violation of the UCL.

67. Defendants' violations of these laws serve as unlawful predicate acts that resulted in economic harm and injury in fact to Named Plaintiffs and putative class members for purposes of the UCL and the remedies provided therein. As a direct and proximate result of their unfair business practices, Defendants received and continue to hold ill-gotten gains belonging to Named Plaintiffs and the putative class members, and Defendants have profited in that amount from their unlawful practices.

68. Business and Professions Code section 17203 provides that a court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition and order disgorgement of all profits gained by operation of the unfair business practices. Named Plaintiffs and the putative class members are entitled to restitution pursuant to Business and Professions Code sections 17203 and 17208 for all wages and other monies, excluding penalties provided under the California Labor Code, unlawfully withheld from them since the four years

preceding the filing of this Complaint and up to the present.

69. Named Plaintiffs' success in this action will enforce important rights affecting the public interest and, in that regard, they sue individually and on behalf of other similarly situated employees. Named Plaintiffs therefore seek restitution of all lost wages and work benefits, plus interest, disgorgement of all profits that Defendants have enjoyed as a result of their unfair and unlawful business practices, and any other relief to which they and putative class members are entitled under the UCL.

WHEREFORE, Named Plaintiffs pray for judgment as set forth herein below.

## **PRAYER FOR RELIEF**

Plaintiffs pray for relief as follows:

1. For an order certifying the First, Second, and Fourth Claims for Relief as a class action;

2. For an order designating Named Plaintiffs as class representatives with respect to the certification of the First, Second, and Fourth Claims for Relief as a class action;

3. For an order designating Named Plaintiffs' counsel of record as class counsel with respect to the certification of the First, Second, and Fourth Claims for Relief as a class action;

4. For an award of all unpaid wages due to Named Plaintiffs and putative class members during the statutory period as defined by the Court at the time of certification;

5. For an award of one hour of pay at each employee's regular rate of compensation for each workday during which they were not authorized and permitted to take the requisite rest periods in accordance with California law during the statutory period as defined by the Court at the time of certification;

6. For an award of one hour of pay at each employee's regular rate of compensation for each workday during which they were not provided with the requisite meal periods in accordance with California law during the statutory period as defined by the Court at the time of certification;

7. For an award of statutory and civil penalties pursuant to California Labor Code section 2699 equal to the penalties provided in Labor Code §§ 558 and 2699(f) and Wage Order 1-2001 and pursuant to California Business & Professions Code section 17206;

8. For an order to pay restitution to Plaintiffs and putative class members as a result of Defendants' unlawful activities, pursuant to Business and Professions Code section 17203;

9. For preliminary and permanent injunctive relief enjoining Defendants from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

10. For an award of disgorgement of profits and all other appropriate equitable relief, as authorized by California Business & Professions Code section 17203;

11. For declaratory relief;

12. For prejudgment and post-judgment interest on all sums awarded;

13. For an award of attorneys' fees and costs incurred in the filing and prosecution of this action, as provided by Labor Code sections 218.5 and 2699, California Code of Civil Procedure section 1021.5 and any other appropriate statutes;

14. For costs of suit; and

15. For such other and further relief as the Court may deem proper and just.

Dated: December 3, 2019

By: __/s/-Cornelia Dai_____
Cornelia Dai
*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Named Plaintiffs Jason Craig and Michael Ross, individually and on behalf of all similarly situated current and former employees of Defendants, hereby request a jury trial on all claims so triable.

Dated: December 3, 2019                         Respectfully submitted,

By: __/s/-Cornelia Dai_____
Cornelia Dai
*Attorneys for Plaintiffs*