RANDY RENICK (SBN 179652)
(Email: rrr@hadsellstormer.com)
CORNELIA DAI (SBN 207435)
(Email: cdai@hadsellstormer.com)
ELIZABETH SONG (SBN 326616)
(Email: esong@hadsellstormer.com)
HADSELL STORMER RENICK & DAI LLP
128 North Fair Oaks Avenue, Suite 204
Pasadena, California 91103-3645
Telephone: (626) 585-9600
Fax: (626) 577-7079

Attorneys for Plaintiffs
JASON CRAIG and MICHAEL ROSS

[*Additional Counsel on next page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CRAIG and MICHAEL ROSS, individually and on behalf of all similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>CORTEVA, INC., E.I. DU PONT DE NEMOURS & COMPANY, DOW AGROSCIENCES LLC, THE DOW CHEMICAL CO., DOWDUPONT, INC. n/k/a DUPONT DE NEMOURS, INC., DOW INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:19-cv-07923-JCS<br><br>[REVISED PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT<br><br>Judge: Hon. Joseph C. Spero, Chief Magistrate Judge<br><br>Complaint Filed: 12/03/2019<br>Trial Date: Not set<br><br>**Final Approval Hearing: January 7, 2022**<br>Time: **9:30 AM**<br>**Via Zoom Webinar**[1] |

---

[1] **The Court's modifications to the parties' proposed order are indicated in bold.**

1

JAY SMITH (SBN 166105)
(Email: js@gslaw.org)
JOSHUA F. YOUNG (SBN 232995)
(Email: jyoung@gslaw.org)
GILBERT & SACKMAN
A LAW CORPORATION
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone: (323) 938-3000
Fax: (323) 937-9139

Attorneys for Plaintiffs
JASON CRAIG and MICHAEL ROSS

# [~~PROPOSED~~] ORDER

On December 3, 2019, Plaintiffs filed their complaint against Defendants in *Jason Craig et al., v. Corteva, Inc., E.I. Du Pont De Nemours & Company, Dow Agrosciences LLC, The Dow Chemical Co., DowDupont, Inc. n/k/a Dupont De Nemours, Inc., Dow Inc.*, Case No. 3:19-cv-07923-JCS, in the United States District Court for the Northern District of California (the "Complaint" in the "Class Action"). The Complaint alleges the following causes of action: (1) failure to authorize and permit duty-free rest periods; (2) failure to provide meal periods; (3) the California Private Attorneys General Act; and (4) unfair competition. Plaintiffs seek unpaid wages, statutory penalties, restitution, attorneys' fees and costs, interest, and injunctive and declaratory relief for the time period from December 3, 2015 to the present.

Following an extensive investigation and arm's-length and good-faith negotiations during a mediation with Steve Pearl on August 17, 2020, Plaintiffs and Defendants (collectively, "the Parties") reached a tentative settlement agreement, which was subsequently reduced to writing and has been filed with this Court.

Plaintiffs move for this Court to:

1. Preliminarily approve the class action settlement for $3,800,000;

2. Preliminarily and conditionally certify the class for purposes of settlement;

3. Preliminarily appoint Plaintiffs Jason Craig and Michael Ross as class representatives for purposes of settlement;

4. Preliminarily appoint Hadsell Stormer Renick & Dai LLP and Gilbert & Sackman, A Law Corporation, as class counsel for purposes of settlement;

5. Approve as to form and content the Proposed Notice of Class Action Settlement;

6. Direct that the Notice of Class Action Settlement be mailed to the Settlement Class members; and

7. Schedule a fairness hearing on the question of whether the proposed settlement should be finally approved as fair, reasonable, and adequate as to the members of the Settlement Class.

That motion came on regularly for hearing before this Court on April 23, 2021. The Court

ordered the parties to make certain modifications to the Settlement papers.

The Court, having received and fully considered Plaintiffs' notice, motion and memorandum of points and authorities, the Settlement, as amended, the proposed Settlement Documents, which includes the revised Notice of Class Action Settlement and exhibits thereto, and the oral argument presented to the Court, and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class-action settlement and to conduct a fairness hearing as to the good faith, fairness, adequacy and reasonableness of any proposed settlement, HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. All defined terms contained herein shall have the same meaning as set forth in the Joint Stipulation of Class Action Settlement and Release, as amended (hereinafter "Stipulation" or "Settlement") executed by the Parties and filed with this Court.

2. The Court finds that certification of the following class for purposes of settlement is appropriate: All current and former hourly employees of Defendants who worked a 12-hour rotating shift at the chemical manufacturing plant in Pittsburg, California, for the period December 3, 2015 through preliminary approval of the Settlement.

3. The Court appoints Plaintiffs Jason Craig and Michael Ross as class representatives for purposes of settlement.

4. The Court appoints Hadsell Stormer Renick & Dai LLP and Gilbert & Sackman, A Law Corporation, as class counsel for purposes of settlement.

5. Federal Rule of Civil Procedure 23(e) requires court approval of a class action settlement. Approval is a two-step process under Rule 23(e). "[T]he Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." *Noll v. eBay, Inc.*, 309 F.R.D. 593, 602 (N.D. Cal. 2015)(internal citations omitted); *see also* Manual for Complex Litigation (Fourth) § 21.632 (courts "must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.").

Preliminary approval of a settlement is appropriate when the settlement: (1) falls within the range of possible approval; (2) appears to be the product of serious, informed, non-collusive negotiations; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) has no obvious deficiencies. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). "Closer scrutiny is reserved for the final approval hearing." *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 U.S. Dist. LEXIS 48878, at *24 (N.D. Cal. Apr. 29, 2011).

6.   The Court has reviewed the Settlement and the proposed Settlement Documents, which were separately lodged and are incorporated herein by reference. The Court finds on a preliminary basis that the Settlement appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by this Court. It appears to the Court on a preliminary basis that the settlement amount is fair and reasonable to all potential class members when balanced against the probable outcome of further litigation relating to liability and damages issues. Plaintiffs have asserted violations of California labor and unfair competition laws. Defendant agrees to a class settlement in the interest of compromising and resolving the Class Action. The Parties recognize the risk involved in prosecuting and defending the Class Action including significant delay, defenses asserted by Defendants, and further potential appellate issues.

7.   It further appears that the proposed Settlement has been reached as the result of intensive, serious and non-collusive arm's-length negotiations. It further appears that extensive investigation and research has been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions. Class Counsel have significant experience in wage and hour class actions. The proposed Settlement was reached through extensive negotiations and with the involvement of an experienced mediator, Steve Pearl.

8.   It further appears that the proposed Settlement does not improperly grant preferential treatment to class representatives and has no obvious deficiencies.

9.   In connection with its preliminary approval of the Settlement, the Court appoints CAC Services Group, LLC of Eden Prairie Minnesota, to act as the Settlement Administrator who will

administer the Settlement according to the terms of the Stipulation, as approved by this Court.

## APPROVAL OF DISTRIBUTION OF THE NOTICE OF SETTLEMENT

10. Rule 23(e) provides that a court "must direct notice in a reasonable manner to all class members who would be bound by" a proposed class action settlement. Fed. R. Civ. Pro. 23(e)(1). This Court finds the proposed Notice of Class Action Settlement, which is attached hereto as Exhibit 1, fairly and adequately advises the potential class members of the terms of the proposed Settlement, as well as the right of class members to opt out of the class, to challenge the number of Workweeks reported by Defendants from their records, to file documentation in objection to the proposed Settlement, and to appear at the Final Approval Hearing to be conducted at the date set forth below. The Court further finds that Notice of Class Action Settlement and proposed distribution of such notice by first-class mail to each identified class member at his or her last known address comports with all constitutional requirements, including those of due process.

11. Accordingly, good cause appearing, the Court hereby approves the proposed Notice of Class Action Settlement and orders the Settlement Administrator to distribute the Settlement Documents, in the manner and pursuant to the procedures described in the Settlement.

12. If more than five percent (5%) of the Settlement Class submits timely and valid requests for exclusion pursuant to the terms and procedures of the Notice of Class Action Settlement, this entire Settlement Agreement shall become voidable and unenforceable as to Plaintiffs and Defendants, at Defendants' sole discretion. Defendants may exercise such option by giving notice, in writing, to Class Counsel and to the Court not more than fourteen (14) calendar days following the Opt-Out deadline.

## FINAL APPROVAL/FAIRNESS HEARING AND SCHEDULE

13. The Court hereby grants the Plaintiffs' motion to set a fairness hearing for final approval of the Settlement ("Final Approval/Fairness Hearing") and orders the following schedule of dates for further proceedings:

   a. Mailing of Settlement Documents to the class shall be completed on or before **October 4, 2021**;

      b.   Posting of Plaintiffs' Motion for Attorney's Fees and Costs on the Settlement Administrator's website**, and filing that motion in the Court's ECF docket,** 35 days prior to the Notice Response Deadline; and

      c.   The deadline for class members to file and submit written objections and requests for exclusion shall be **December 3, 2021**. The deadline for class members to file a dispute of workweeks shall be **November 3, 2021**.

14.   The Final Approval/Fairness Hearing will be held on **January 7, 2022**, at **9:30** a.m. Class Members may attend the hearing via Zoom.  Instructions are provided by the Court at: https://www.cand.uscourts.gov/judges/spero-joseph-c-jcs/.  Members of the class may appear and present objections at the Final Approval/Fairness Hearing in person or by counsel.

15.   Plaintiffs shall file a Motion for Final Approval two weeks prior to the hearing.

16.   The Court expressly reserves the right to adjourn or to continue the Final Approval/Fairness Hearing without further notice to class members, except that notice of a continuance shall be provided to all class members who submit a proper objection.

17.   IT IS FURTHER ORDERED that, if for any reason the Court does not grant final approval of the Settlement, or the Settlement otherwise does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Stipulation and all evidence and proceedings held in connection with the Settlement shall be without prejudice to the status quo ante rights of the Parties to the Class Action as more specifically set forth in the Settlement.

**IT IS SO ORDERED.**

DATED: **August 4, 2021**

                                       HON. JOSEPH C. SPERO
                                       **Chief Magistrate** Judge

[~~REVISED PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT
Case No. 3:19-cv-07923-JCS